# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
|     Plaintiff, | : Case No. _____ |
| v. | : JURY TRIAL DEMANDED |
| TREMONT MORTGAGE TRUST, JOHN L. HARRINGTON, MATTHEW P. JORDAN, WILLIAM A. LAMKIN, JOSEPH L. MOREA, and ADAM D. PORTNOY, | : COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 |
|     Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On April 26, 2021, Tremont Mortgage Trust ("Tremont" or the "Company") entered into an agreement (the "Merger Agreement") to merge with RMR Mortgage Trust ("RMR") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Tremont's stockholders will receive 0.520 shares of RMR common stock for each share of Tremont common stock they own.

3. On August 6, 2021, defendants filed a prospectus (the "424B3") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the 424B3 fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Tremont common stock.

9. Defendant Tremont is a Massachusetts corporation. Tremont's common stock is traded on the NASDAQ under the ticker symbol "TRMT."

10. Defendant John L. Harrington is a member of the Board of Directors of Tremont (the "Board").

11. Defendant Matthew P. Jordan is a member of the Board.

12. Defendant William A. Lamkin is a member of the Board.

13. Defendant Joseph L. Morea is a member of the Board.

14. Defendant Adam D. Portnoy is a member of the Board.

15. Defendants identified in ¶¶ 10-14 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

16. Tremont is a direct lender that provides financing for the capitalization of middle market and transitional commercial real estate properties on a nationwide basis.

17. On April 26, 2021, Tremont's Board caused the Company to enter into the Merger Agreement.

18. The press release announcing the Proposed Merger provides as follows:

RMR Mortgage Trust (Nasdaq: RMRM) and Tremont Mortgage Trust (Nasdaq: TRMT) today announced that they have entered into a definitive merger agreement pursuant to which TRMT will merge with and into RMRM, with RMRM continuing as the surviving company. The merger is expected to create a more diversified commercial mortgage real estate investment trust, or REIT, focused on middle market transitional bridge loans with assets expected to approach $1 billion when fully invested. The merger is expected to be accretive to distributable earnings in 2022 with the potential to realize annual expense savings of $1.4 million to $1.6 million, or $0.10 to $0.11 per common share, due to the elimination of certain duplicative public company costs.

Tom Lorenzini, President of RMRM and TRMT, made the following statement:

"We are excited to announce this merger of two highly complementary businesses that will create a larger, more diversified commercial mortgage REIT. This combination greatly enhances our financial strength and provides attractive benefits to the shareholders of both companies. We believe that with increased scale and an expanded capital base the combined company will be much better positioned to access capital markets, increase operating efficiency, and deliver more attractive risk-adjusted returns for our shareholders."

**Certain Expected Strategic Transaction Benefits**

· Enhanced scale with fully invested assets expected to approach $1 billion

· Accretive to the distributable earnings of both RMRM and TRMT

· Expanded capital base, float and shareholder liquidity

· Improved access to capital markets with the potential of a reduced cost of capital

- Increased portfolio diversification among investments and asset class exposure

- Greater market visibility to drive increased transaction volume

- Seamless integration, as existing senior management team remains in place

Under the terms of the merger agreement, each TRMT common share will be converted into 0.520 of one newly issued RMRM common share. Based on the closing prices of RMRM's and TRMT's common shares on Friday, April 23, 2021, the implied offer price is approximately $6.55 per TRMT common share, which represents a premium of 6% and 9% to the closing price and the volume weighted average price, respectively, for the 30 trading days ending on April 23, 2021. Upon the closing of the merger, RMRM shareholders are expected to own approximately 70% of the combined company's outstanding common shares, while TRMT shareholders are expected to own approximately 30% of the combined company's outstanding common shares.

Based on the closing price of RMRM's common shares on April 23, 2021, the equity market capitalization of the combined company would be approximately $180 million. Tremont Realty Advisors LLC, the manager of RMRM and TRMT, or the Manager, will continue to manage the combined company and has waived any termination fee that would otherwise be payable by TRMT as a result of the merger.

On a pro forma basis as of today, the combined company will have a loan portfolio consisting of the following characteristics:

- 22 first mortgage loans with aggregate loan commitments of $519 million;

- Average funded loan size of $21 million;

- Weighted average maximum maturity, which assumes all borrower extension options have been exercised, of 3.2 years; and

- Weighted average interest rate of LIBOR plus 3.91% and a weighted average loan-to-value of 66%.

**Approvals and Closing**

The merger and other transactions contemplated by the merger agreement and the terms thereof were evaluated, negotiated and recommended, as applicable to each of RMRM's and TRMT's board of trustees by special committees of each of RMRM's and TRMT's board of trustees, respectively, each comprised solely of

RMRM's and TRMT's disinterested, independent trustees, respectively, and were separately unanimously approved and adopted by RMRM's and TRMT's independent trustees and by RMRM's and TRMT's board of trustees, with independent trustees unanimously approving the merger and other transactions contemplated by the merger agreement.

The merger is expected to close during the third quarter of 2021, subject to the requisite approvals by RMRM and TRMT shareholders and other customary closing conditions. RMRM's greater than 5% shareholder has agreed to vote in favor of the issuance of common shares in the merger at RMRM's special meeting of shareholders. TRMT's greater than 5% shareholder has agreed to vote in favor of the merger and other transactions contemplated by the merger agreement at TRMT's special meeting of shareholders.

**Advisors**

UBS Investment Bank is acting as exclusive financial adviser to the RMRM special committee and Skadden, Arps, Slate, Meagher & Flom LLP is acting as legal advisor to RMRM (acting through the special committee). Citigroup Global Markets Inc. is acting as exclusive financial adviser to the TRMT special committee and Sullivan & Worcester LLP is acting as legal adviser to TRMT (acting through the special committee).

19. On August 6, 2021, defendants filed the 424B3, which fails to disclose material information regarding the Proposed Merger.

Financial Analyses

20. The 424B3 fails to disclose material information regarding the financial analyses conducted by Citigroup Global Markets Inc. ("Citi"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

21. Regarding Citi's Dividend Discount Analyses of Tremont and RMR, the 424B3 fails to disclose: (i) the terminal values; (ii) the basis for applying the multiples ranges; and (iii) the inputs and assumptions underlying the discount rates.

22. Regarding Citi's Selected Public Companies Analyses of Tremont and RMR, the 424B3 fails to disclose the individual multiples for the observed companies.

23. Regarding Citi's Selected Precedent Transactions Analysis, the 424B3 fails to disclose the individual multiples for the observed transactions.

24. Regarding Citi's illustrative potential pro forma analysis, the 424B3 fails to disclose: (i) the potential cost savings; and (ii) the extent to which the Proposed Merger could be accretive to Tremont's calendar year 2022 estimated distributable EPS and dilutive to the Company's BVPS.

25. Regarding Citi's illustrative theoretical value uplift analysis, the 424B3 fails to disclose the Wall Street research analysts' estimates.

## Background of the Proposed Merger

26. The 424B3 fails to disclose the timing and details of all discussions regarding post-Proposed Merger employment and benefits.

## COUNT I

### Claim Against the Individual Defendants and Tremont for Violation of Section 14(a) of the Exchange Act and Rule 14a-9

27. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

28. The Individual Defendants disseminated the false and misleading 424B3, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

29. Tremont is liable as the issuer of these statements.

30. The 424B3 was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the 424B3.

31. The Individual Defendants were at least negligent in filing the 424B3 with these materially false and misleading statements.

32. The omissions and false and misleading statements in the 424B3 are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

33. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the 424B3 and in other information reasonably available to stockholders.

34. The 424B3 is an essential link in causing plaintiff to approve the Proposed Merger.

35. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

36. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

37. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

38. The Individual Defendants acted as controlling persons of Tremont within the meaning of Section 20(a) of the Exchange Act as alleged herein.

39. Due to their positions as officers and/or directors of Tremont and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the 424B3, they had the power to influence and control and did influence and control,

directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the 424B3 alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

41. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

42. The 424B3 contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the 424B3.

43. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

44. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

45. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

46. Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.  In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to disseminate a 424B3 that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: September 3, 2021

**GRABAR LAW OFFICE**

By: *(signature)*
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*